James KARKANEN, Appellant,

v.

PERINI ARCTIC ASSOCIATES,
Appellee.

No. 6331.

Supreme Court of Alaska.

Sept. 24, 1982.

Millard F. Ingraham, Fairbanks, for appellant.

Richard L. Wagg, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellee.

## OPINION

Before RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

PER CURIAM.

James Karkanen incurred an on-the-job back injury while employed as a heavy equipment operator by Perini Arctic Associates [Perini] in 1976. He sought worker's compensation benefits, alleging he was permanently partially disabled. Following a hearing, the Workers' Compensation Board [Board] rejected his application.

The Board's written decision indicates that it did not believe Karkanen's testimony concerning the extent of his injury,[1] nor did it accept the opinion testimony of a doctor offered by Karkanen to support his claim. Citing to another doctor's report and to the report of the camp medics, the Board concluded that Karkanen on October 13, 1976, had "recovered from the June 25, 1976,

1. The decision states in part:

We find that applicant's description of the injury was greatly exaggerated when he described it to Dr. Meier some ten months afterward and in his deposition and at hearing, some three years later.

We find that the applicant experienced a strain of the back from a jarring incident on June 25, 1976, but that injury was nothing

like the severity described by applicant several years later . . .

We do not believe the applicant when he states some three years afterwards that he terminated his employment for the defendant on October 12, 1976, because he could no longer work with the back pain, shocks in the back of the neck and temporary loss of vision several times a day, resulting from the June 25, 1976, injury . . . .

We believe the applicant was lying when he stated in his deposition that as a result of the June 25, 1976, injury and while still in Alaska, he experienced knee pain, numbness in his right thumb and headaches.

injury, experienced no permanent partial impairment and was able to return to regular employment without loss in earning capacity."

On appeal, the superior court ruled that there was no substantial evidence in the record negating an existing physical impairment or a causal connection between the impairment and the on-the-job injury. However, the court also ruled that there was "substantial evidence in the record to support the Board's conclusion that Karkanen suffered no loss in wage earning capacity." Hence, the Board's decision was affirmed.

In this appeal, Karkanen contends that the superior court erred by failing to remand the case to the Board for findings on the existence or extent of the reduction in his wage earning capacity. Perini does not contest the superior court's conclusion that there is no substantial evidence to negate the existence of a physical impairment and its causal connection with the 1976 job injury. Thus the sole issue before us concerns the propriety of the superior court's ruling regarding wage earning capacity.

It is apparent from reading the opinion of the Board that it did not inquire into whether Karkanen has suffered a loss in wage earning capacity because it did not believe that there was a causal connection between an on-the-job injury and any existing physical impairment:

> We believe the condition for which Dr. Meier treated the applicant arose out of some activity during the six months since leaving Alaska or from the natural progression of degenerative disc disease. Dr. Meier relates the applicant's condition to the incident in Alaska on June 25, 1976, however, Dr. Meier formed his opinion as to the causal relationship of applicant's symptoms from statements made by the applicant. We do not believe the applicant and disregard the opinion given by Dr. Meier.

The question as to the extent of Karkanen's compensable disability, if any, must be remanded to the Board, for it is the Board which has the duty to make findings of fact, not the superior court.

REVERSED and REMANDED.

BURKE, C. J., not participating.